Victor JOHNSON,

v.

**VANGUARD MANUFACTURING, INC.; and Lynn Ladder and Scaffolding Co., Inc.**

No. 01–1589, 01–1742.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 25, 2002.

Filed May 8, 2002.

Before ROTH and FUENTES, Circuit Judges GIBSON *, Circuit Judge.

OPINION

ROTH, Circuit Judge.

Plaintiff Victor Johnson appeals the judgment of the United States District Court for the Eastern District of Pennsylvania. Johnson sought damages in a products liability action against Vanguard Manufacturing, Inc., and Lynn Ladder and Scaffolding Co., Inc. Johnson's claim arose from a construction accident that occurred on June 4, 1996. Johnson and a co-worker, each standing on his own scaffold, were engaged in the demolition of a wall. They successfully toppled the wall, but a few moments after the wall gave way, Johnson's scaffold collapsed. As a result, Johnson fell and was injured. Johnson originally filed a complaint in the Court of Common Pleas of Philadelphia County, claiming that the scaffold was defectively designed and manufactured by defendant Vanguard Manufacturing, Inc., and sold by defendant Lynn Ladder and Scaffolding Co., Inc. On June 19, 1998, the defendants removed the case to the United States

* Honorable John R. Gibson, Senior Circuit Court Judge for the Eighth Circuit, sitting by designation.

District Court for the Eastern District of Pennsylvania. After a two day trial, the jury returned a verdict in favor of Vanguard. This appeal followed.

At trial, Johnson presented his testimony, the testimony of his co-worker, and that of a single expert. The expert was Dr. Campbell Laird, a metallurgist and accident reconstructionist from the University of Pennsylvania School of Engineering and Applied Science. Based on his investigations, Dr. Laird testified that a pin on the scaffold fractured from fatigue in the course of normal operations, that the pin was manufactured from the wrong type of iron, and that the fracture of the pin and resulting instability of the scaffold was the direct cause of Johnson's injury. While Johnson was prepared to call an expert in the field of accident reconstruction, he rested his case at the conclusion of Dr. Laird's testimony.

The defense called several expert witnesses. The defense metallurgist explained that the normal use of the scaffold would not cause a fatigue fracture of the pin, contradicting Laird's testimony. The accident reconstructionist employed by the defense explained that the accident occurred as a result of the scaffold tipping as Johnson pushed on the wall. He testified that the pin fracture might have resulted from falling scaffold but that the fracture itself did not cause the collapse.

The jury concluded that while the scaffold was defective, the defect was not a substantial factor in causing Johnson's accident, and found in favor of Vanguard.

Johnson contends that the District Court abused its discretion in excluding part of Dr. Laird's testimony as to accident causation, and that this exclusion prevented Johnson from properly presenting his case. During Johnson's direct examination of Dr. Laird, Vanguard objected when he was questioned as to observations made in the preparation of his report. The objection was based on the fact that the observations were not recorded in Dr. Laird's report. Pursuant to Fed.R.Civ.P. 26(a)(2)(B), an expert witness's report must contain a complete statement of all opinions to be expressed and the data or other information considered by the witness in forming those opinions. A party that fails to disclose evidence required by Rule 26(a) will not be allowed to use that evidence unless the failure to disclose the evidence is harmless. See Fed.R.Civ.P. 37(c)(1).

After reviewing the record, we find that the trial court did not abuse its discretion in excluding part of Dr. Laird's testimony. It was within the court's discretion to find that the testimony that Johnson attempted to elicit from Dr. Laird was properly excluded since it was not provided in his expert report as required by Fed.R.Civ.P. 26(a)(2)(B). Moreover, this evidentiary exclusion did not preclude Dr. Laird from testifying on the issue of causation. The record shows that Dr. Laird presented his testimony as to causation later in his testimony.

For the foregoing reasons, we will affirm the judgment of the District Court. We will, however, deny appellee's request for an award of sanctions and costs under Fed. R.App. P. 38 and 28 U.S.C. § 1927.